UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

NICKLAUS LAUER, DAMIAN ALEMAN, and          Civil Case No. 1:14-cv-0868 (KBF)
GARVIN MOFFAT, individually and on behalf of all
other persons similarly situated,

                Plaintiff,

   - against -

INNOVATIVE ELECTRICAL SERVICES LLC;
ANTHONY BARTOLOMEO, and CHEZ
DEGENNARO, jointly and severally,

                Defendants.
-------------------------------------------------------------------x

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

---

                               BRACH EICHLER L.L.C.
                               101 Eisenhower Parkway
                               Roseland, NJ 07068
                               (973) 228-5700
                               (973) 228-7852 (facsimile)
                               *Attorneys for Defendants*
                               *Innovative Electrical Services LLC,*
                               *Anthony Bartolomeo and Chez DeGennaro*

Of Counsel and On the Brief:

   Anthony M. Rainone, Esq.
   arainone@bracheichler.com

On the Brief:

   Danielle Y. Alvarez, Esq. (admitted *pro hac vice*)
   dalvarez@bracheichler.com

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................1

RELEVANT FACTS AND PROCEDURAL HISTORY .................................2

LEGAL ARGUMENT .......................................................................................4

I.   THE CLAIMS IN THE COMPLAINT ARE MOOT BECAUSE
     PLAINTIFFS ACCEPTED THE OFFER OF JUDGMENT AS TO
     THEIR INDIVUDAL CLAIMS AND, THEREFORE, THIS COURT
     LACKS SUBJECT MATTER JURISDICTION OVER THE
     REMAINING COLLECTIVE AND CLASS ALLEGATIONS IN
     THE LAWSUIT...........................................................................................4

     A.   The Law Is Clear That An Accepted Offer Of Judgment Moots
          A Claim And Deprives This Court Of Subject Matter
          Jurisdiction.........................................................................................4

     B.   Plaintiffs' Claims Are Clearly Moot And The Court Should
          Dismiss The Case For Lack of Subject Matter Jurisdiction .......................8

     C.   The Existence Of A Few Opt-In Notices Does Not Save
          Plaintiffs' Claims ..............................................................................8

CONCLUSION.................................................................................................10

BE:3803984.1/INN029-266633

## <u>TABLE OF CONTENTS</u>

**Page(s)**

**FEDERAL CASES**

*Abrams v. Interco Inc.*,
   719 F.3d 23 (2d Cir. 1983)..................................................................................5, 6

*Aurecchione v. Schoolman Transp. Sys. Inc.*,
   426 F.3d 635 (2d Cir. 2005)....................................................................................4

*Doyle v. Credit Mgmt, Inc.*,
   722 F.3d 78 (2d Cir. 2013)................................................................................5, 6, 11

*Epstein v. JP Morgan Chase & Co.*,
   2014 WL 1133567 (S.D.N.Y. Mar. 21, 2014) ...........................................................6

*Foos v. Monroe-2 Orleans Boces*,
   2014 WL 122408 (W.D.N.Y. Jan. 13, 2014) ...........................................................6

*Fox v. Bd. of Trustees of State Univ. of New York*,
   42 F.3d 135 (2d Cir. 1994)......................................................................................4

*Franco v. Allied Interstate, LLC*,
   2014 WL 1329168 (S.D.N.Y. Apr. 2, 2014)................................................7, 9, 10

*Genesis Healthcare Corp. v. Symczyk*,
   133 S.Ct. 1523 (2013)........................................................................1, 6, 7, 8

*Kim v. 511 E. 5th Street, LLC*,
   985 F. Supp.2d 439 (S.D.N.Y. 2013)......................................................................9

*Laroque v. Domino's Pizza, LLC*,
   557 F. Supp.2d 346 (E.D.N.Y. 2008) .....................................................................9

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000)....................................................................................4

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010).....................................................................................9

*Powell v. McCormack*,
   395 U.S. 486 (1969)................................................................................................4

ii

**FEDERAL STATUTES**

29 U.S.C. § 256(b) ..............................................................................................................10

**RULES**

Fed. R. Civ. P. 12(b)(1).................................................................................................1, 10

Fed. R. Civ. P. 68 .........................................................................................................1, 2, 8

BE:3803984.1/INN029-266633

## PRELIMINARY STATEMENT

Defendants Innovative Electrical Services LLC, Anthony Bartolomeo, and Chez DeGennaro (collectively "Defendants") respectfully request this Court, pursuant to Fed. R. Civ. P. 12(b)(1), dismiss the Third Amended Complaint for lack of subject matter jurisdiction.  The basis for this motion is simple: Defendants accepted an Offer of Judgment to all three named Plaintiffs pursuant to Fed. R. Civ. P. 68.  Thus, in accordance with the U.S. Supreme Court's decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013) and the Second Circuit's decision in *Doyle v. Credit Mgmt, Inc.*, 722 F.3d 78 (2d Cir. 2013), the remaining collective and class allegations and claims in the lawsuit are moot and, therefore, this Court lacks subject matter jurisdiction.

1

## RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff Nicklaus Lauer filed the Complaint in this action on February 10, 2014, the Amended Complaint on April 15, 2014, and the Second Amended Complaint on May 15, 2014. (ECF 2, 16, and 29).  Then, on July 9, 2014, joined by two additional named plaintiffs (Damian Alleman and Garvin Moffat), the current three named Plaintiffs filed the Third Amended Complaint.  (ECF 46).  All four versions of the Complaint allege the same substantive claims – that is, that the named Defendants failed to pay the named Plaintiffs an overtime premium for certain hours allegedly worked and allegedly in violation of the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("Labor Law").

On July 10, 2014, Defendants served an Offer of Judgment, pursuant to Fed. R. Civ. P. 68, offering each of the three named Plaintiffs full and complete relief under both the FLSA and the Labor Law.  (Declaration of Anthony M. Rainone, Esq. ("Rainone Decl.") and Exhibit A thereto).  The Offer was unconditional and complied with all requirements of Fed. R. Civ. P. 68. Specifically, the Offer stated:

> Defendants Innovative Electrical Services LLC, Anthony Bartolomeo, and Chez DeGennaro offer to allow judgment to be taken against them by each of the named Plaintiffs on all claims and causes of action in the Third Amended Complaint payable as follows:
>
> 1.   Plaintiff Garvin Moffet - $15,931.50 in damages, plus reasonable attorneys' fees and costs incurred through the date of service of the Offer of Judgment, to be determined by the Court after submissions for and in opposition to the amount of reasonable attorneys' fees and costs; and
>
> 2.   Plaintiff Nicklaus Lauer - $33,750.00 in damages, plus reasonable attorneys' fees and costs incurred through the date of service of the Offer of Judgment, to be determined by the Court after submissions for and in opposition to the amount of reasonable attorneys' fees and costs; and

3.      Plaintiff Damian Aleman - $15,775.50 in damages, plus reasonable attorneys' fees and costs incurred through the date of service of the Offer of Judgment, to be determined by the Court after submissions for and in opposition to the amount of reasonable attorneys' fees and costs.

Any judgment entered pursuant to this Offer will be in full and final satisfaction of Plaintiffs' individual claims under the causes of action in the Third Amended Complaint for damages, attorneys' fees, and costs.  This offer is made pursuant to Rule 68 of the Federal Rules of Civil Procedure, and evidence of this offer is not admissible except in a proceeding to determine costs. If this offer is not accepted in writing within fourteen (14) days after it is served, it will be deemed withdrawn.

(*Id.* at Ex. A).

Plaintiffs accepted the Offer of Judgment on July 24, 2014.  (ECF 57).  (Rainone Decl.).

On July 17, 2014, one week *after* Defendants served the Offer but prior to accepting it, Plaintiffs served a motion for conditional collective action certification with respect to their FLSA claim.  (ECF 48-50).  On July 22, 2014, the Court granted Defendants' request to stay briefing on that motion pending the outcome of this motion to dismiss.  (ECF 54)

Defendants now move, based upon Plaintiffs' acceptance of the Offer of Judgment, to dismiss the remaining collective and class allegations and claims in the Third Amended Complaint because the claims are moot and, therefore, this Court has no subject matter jurisdiction over this lawsuit.

## LEGAL ARGUMENT

I.   **THE CLAIMS IN THE COMPLAINT ARE MOOT BECAUSE PLAINTIFFS ACCEPTED THE OFFER OF JUDGMENT AS TO THEIR INDIVIDUAL CLAIMS AND, THEREFORE, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE REMAINING COLLECTIVE AND CLASS ALLEGATIONS IN THE LAWSUIT**

It is time to bring this lawsuit to an end.  Plaintiffs accepted the Offer of Judgment on their claims.  Plaintiffs, therefore, do not have an interest in representing a collective group or class of employees as they sought to do in the Third Amended Complaint.  The three named Plaintiffs have no personal stake left in this case and, therefore, this case should be dismissed for lack of subject matter jurisdiction.

### A.   The Law Is Clear That An Accepted Offer Of Judgment Moots A Claim And Deprives This Court Of Subject Matter Jurisdiction.

This court does not have subject matter jurisdiction when it "lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  It is Plaintiffs' burden to prove there is subject matter jurisdiction by a preponderance of the evidence.  *Aurecchione v. Schoolman Transp. Sys. Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). "When a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Fox v. Bd. of Trustees of State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994).  "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  For a plaintiff to have a legally cognizable interest, she must have a personal stake, absent which a court lacks subject matter jurisdiction.  *Fox*, 42 F.3d at 140.

The Second Circuit has already ruled, unequivocally, that an *unaccepted* offer of judgment that offers full relief to the named plaintiffs moots the claims.  In fact, the Second Circuit ruled that an *oral* offer of settlement that did not comply with the Rule 68 Offer of

Judgment rule still mooted plaintiff's claims.  Thus, an *accepted* offer of judgment must moot the remaining collective and class allegations in the Third Amended Complaint.

In *Doyle v. Credit Management, Inc.*, 722 F.3d 78 (2013), the Second Circuit issued two holdings, which were that: (1) a plaintiff's refusal to settle a claim was sufficient grounds to dismiss a case as moot; and (2) the offer did not need to comply with the Rule 68 Offer of Judgment rule in order to render the case moot.  The *Doyle* court plaintiff filed a putative class action but defendant then offered plaintiff full relief on his claim plus attorneys' fees and costs to be determined by the Court.  *Id.* at 80.  After plaintiff refused the offer, defendant moved to dismiss for lack of subject matter jurisdiction arguing the claims were moot.  The district court granted the motion to dismiss and the Second Circuit, in a *per curiam* opinion, affirmed the dismissal writing in relevant part:

> In particular, if a defendant consents to judgment in the maximum amount for which the defendant could be held liable, "there is no justification for taking the time of the court and the defendant in the pursuit of . . . claims which [the] defendant has more than satisfied." *Abrams v. Interco, Inc.*, 719 F.2d 23, 32 (2d Cir. 1983).
>
> * * *
>
> Consequently, we agree with the district court that Doyle's refusal to settle the case in return for Midland's offer of $1,011 (plus costs, disbursements, and attorneys' fees), notwithstanding Doyle's acknowledgment that he could win no more, was sufficient ground to dismiss the case for lack of subject matter jurisdiction.

*Id.* at 80-81.

Since *Doyle* was decided in June 2013, several courts in the Second Circuit have relied upon it for the clear proposition that a Rule 68 Offer of Judgment for full relief to the named plaintiffs moots the claims, even where it is not accepted.  *See, e.g., Franco v. Allied Interstate*, *LLC*, 2014 WL 1329168 *2 (S.D.N.Y. Apr. 2, 2014) (citing *Doyle* for the proposition that an unaccepted offer of judgment for full relief moots the claims, and the dismissing a putative

FDCPA class action as moot); *Foos v. Monroe-2 Orleans Boces*, 2014 WL 122408 (W.D.N.Y. Jan. 13, 2014) (citing and discussing *Doyle* and then dismissing an employment discrimination complaint for lack of subject matter jurisdiction where defendant made a Rule 68 Offer of Judgment that plaintiff did not accept); *see also Epstein v. JP Morgan Chase & Co.*, 2014 WL 1133567 (S.D.N.Y. Mar. 21, 2014) (finding plaintiff had no standing to pursue a Rule 23 class action arising out of credit card fees where defendant sent a check to plaintiff for full relief but plaintiff did not cash the check); *Abrams v. Interco Inc.*, 719 F.3d 23 (2d Cir. 1983) (affirming the dismissal of a class action for mootness where the lead plaintiffs were offered, but did not accept, three times their actual damages plus attorneys' fees and costs)

Further, the U.S. Supreme Court recently confirmed the effect of moot claims in FLSA collective action cases in *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013).   In *Genesis Healthcare*, the plaintiff filed an FLSA claim on behalf of herself and as a collective action.   The employer, with its answer to the complaint, served a Rule 68 offer of judgment offering the named plaintiff full relief on her claims.   When plaintiff failed to accept the offer, the employer moved to dismiss the case for lack of subject matter jurisdiction arguing that plaintiff's claims were moot because she no longer had a personal stake in the outcome of the case once she rejected the full relief offer.

In opposition, the plaintiff in *Genesis Healthcare* argued that her claims and the collective action were not moot because the offer of judgment was allegedly an inappropriate attempt to "pick off" the lead plaintiff before the collective action process could unfold.   The district court rejected these arguments and dismissed the lawsuit for lack of subject matter jurisdiction finding that the unaccepted offer of judgment mooted plaintiff's claims.   The Third Circuit Court of Appeals, however, reversed and found that even though plaintiff's individual

6

claims were indeed mooted by the unaccepted offer of judgment, the collective action was not moot because the employer's attempt to "pick-off" the lead plaintiff would allegedly frustrate the collective action process.

The U.S. Supreme Court, however, reversed the Third Circuit Court of Appeals.  Given the admissions below that the unaccepted offer of judgment mooted the lead plaintiff's individual claim, she no longer had a personal stake in the outcome of the litigation.  And the U.S. Supreme Court found that the collective action allegations in the complaint did not save the case from mootness.  Indeed, the Court wrote that reliance on Rule 23 class action case law is inapposite because collective actions are fundamentally different.  In collective actions, there is no class with independent legal status and a collective action does not operate to join additional parties to the lawsuit.  The Court then held that in light of the fact that the lead claimant's claim was moot, the collective action portion of the case was also moot.  Therefore, the Court lacked subject matter jurisdiction and the case was properly dismissed by the district court.  Finally, the Court rejected entirely the concerns raised by the plaintiff regarding attempts to "pick-off" lead plaintiffs in collective action cases.

Finally, this Court recently relied upon the *Genesis Healthcare* and *Doyle*, case in granting dismissal of a putative class action where the plaintiff did not accept a Rule 68 offer of judgment.  *See Franco v. Allied Interstate*, *LLC*, 2014 WL 1329168 (S.D.N.Y. Apr. 2, 2014). Further, in *Franco*, this Court was not swayed by a pending motion for *class* certification under Rule 23.  Instead, this Court wrote: "It is also clear that mootness of a named plaintiff's individual claim renders a collective action requesting statutory damages under the Fair Labor Standards Act (FLSA) moot even prior to certification.  *Id.* at *3 (citing *Genesis Healthcare*, 133 S.Ct. at 1526).

In short, given that an *unaccepted* offer of judgment has the effect of mooting the individual and collective/class action claims, an *accepted* offer of judgment must do the same.

**B.     Plaintiffs' Claims Are Clearly Moot And The Court Should Dismiss The Case For Lack of Subject Matter Jurisdiction.**

There is no dispute that the Offer of Judgment made by Defendants on July 10, 2014 fully complies with Fed. R. Civ. P. 68 in both form and substance.  There is also no dispute that the amount of the offer to each of the three named Plaintiffs constitutes all relief they could possibly recovery under the FLSA and the New York Labor Law.  There is also no dispute that Plaintiffs' accepted the Offer of Judgment, leaving only the amount of reasonable attorneys' fees and costs to be determined by the Court.  *See, e.g., Genesis Healthcare*, 133 S.Ct. at 1527; *Franco*, 2014 WL 1329168 at *1.

As this Court has already stated, citing *Genesis Healthcare*, once the named plaintiff's claim is moot, so too is the collective action.  *Franco*, 2014 WL 1329168 at *3.  The fact that plaintiffs subsequently filed a motion for conditional collective action certification does not save Plaintiffs' claims from mootness.  *See id.* (citing *Genesis Healthcare*).

**C.     The Existence Of A Few Opt-In Notices Does Not Save Plaintiffs' Claims.**

Finally, Plaintiffs will undoubtedly claim that the recent "opt-in" notices filed after the Offer of Judgment was made should change the outcome of this motion.  But that is not the case.  The opt-in notice does not make these persons (or any other persons who have allegedly opted-in) a *named* plaintiff to this lawsuit.  Instead, all the notices did was toll the statute of limitations on their claims on the dates they filed the opt-in notices, pending the Court's determination at some point on whether to finally certify a collective action. *See* 29 U.S.C. § 256(b).  If a collective action were ever finally certified, those "opt-ins" would have been part of the

BE:3803984.1/INN029-266633

collective class dating back to the date they filed their respective opt-in notices. *See Laroque v. Domino's Pizza, LLC*, 557 F. Supp.2d 346, 351-52 (E.D.N.Y. 2008).

But where, as here, there has been no collective action certified (preliminarily or finally), any opt-in plaintiffs are free to pursue their individual claims in a separate lawsuit if the court grants this motion to dismiss.  This is not uncommon in FLSA litigation where a lead plaintiff, although obtaining conditional certification and then sending a notice the response to which yields several opt-in plaintiffs, ultimately fails to obtain final collective certification.  In those cases, the "opt-ins" fall out of the case and are then free to pursue their claims in a separate lawsuit if they choose to do so.  *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010); *see also Kim v. 511 E. 5th Street, LLC*, 985 F. Supp.2d 439, 446 (S.D.N.Y. 2013); *Laroque*, 557 F. Supp.2d at 352.

The named Plaintiffs claims are moot and, therefore, this Court lacks subject matter jurisdiction.  The Court should dismiss the Third Amended Complaint with prejudice for lack of subject matter jurisdiction.

BE:3803984.1/INN029-266633

## <u>CONCLUSION</u>

Based upon the foregoing reasons, Defendants Innovative Electrical Services LLC, Anthony Bartolomeo and Chez DeGennaro respectfully request that the Court dismiss the Third Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1), and grant such other and further relief as this Court deems just, equitable, and proper.


Dated:  New York, New York         <u>*s/ Anthony M. Rainone*</u>
       July 28, 2014                Anthony M. Rainone, Esq.
                                         BRACH EICHLER LLC
                                         101 Eisenhower Parkway
                                         Roseland, NJ 07068
                                         (973) 228-5700
                                         arainone@bracheichler.com
                                         *Attorneys for Defendants*

10