USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 15 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

DAMIAN ALEMAN, NICKLAUS LAUER, and
GARVIN MOFFAT, individually and on behalf
of all other persons similarly situated,

                     Plaintiffs,

                     -v-

INNOVATIVE ELECTRICAL SERVICES L.L.C.
et al.,

                     Defendants.

------------------------------------------------------------- X

14-cv-868 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

After several rounds of amended complaints and motions to dismiss, all named plaintiffs accepted an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 68. Pending before this Court are defendants' motion to dismiss the third amended complaint for lack of jurisdiction and plaintiffs' motion for leave to file a fourth amended complaint. For the reasons set forth below, the Court hereby GRANTS defendants' motion to dismiss and DENIES plaintiffs' motion for leave to amend.

I.     BACKGROUND

On February 10, 2014, plaintiff Nicklaus Lauer ("plaintiff" or "Lauer") filed this action against Innovative Electrical Services LLC, Chez DeGennaro, and Anthony Bartolomeo, his former employers. (ECF No. 2.) Plaintiff alleged that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et

seq., and the New York Labor Law ("NYLL"), Art. 6 §§ 190 et seq. and Art. 19 §§ 650 et seq., by failing to pay plaintiff, and others similarly situated, premiums for overtime work. (Compl. ¶¶ 1-2.)

Lauer filed the first amended complaint ("FAC") on April 15 (ECF No. 16), and moved for conditional collective action certification on May 1 (ECF No. 17). The Court adjourned briefing of that motion pending resolution of defendants' motion to dismiss the FAC, filed on May 2. (ECF Nos. 21, 24.) On May 15, Lauer was given leave to file a second amended complaint ("SAC")—and he did so the same day.[1] (ECF Nos. 28, 29.) On June 6, defendants moved to dismiss the SAC. (ECF No. 34.) After the motion to dismiss became fully briefed, the Court granted Lauer leave to file a third amended complaint ("TAC").[2] (ECF No. 43.) On July 9, the current three named plaintiffs ("plaintiffs" or "named plaintiffs") filed the TAC, the operative complaint before this Court. (ECF No. 46.)

On July 10, defendants served an offer of judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure, offering all three named plaintiffs full relief under the FLSA and the NYLL. (ECF No. 57-1.) The offer stated:

> Defendants Innovative Electrical Services LLC, Anthony Bartolomeo, and Chez DeGennaro offer to allow judgment to be taken against them by each of the named Plaintiffs on all claims and causes of action in the Third Amended Complaint payable as follows:
>
> 1. Plaintiff Garvin Moffet - $15,931.50 in damages, plus reasonable attorneys' fees and costs incurred through the date of service of the Offer of Judgment, to be determined by the Court after

---

[1] On May 20, defendants filed a motion for reconsideration of the grant of leave to file a SAC, which the Court denied. (ECF Nos. 31, 33.) In light of the SAC, the Court terminated as moot the motion to dismiss the FAC and the motion for conditional collective action certification. (ECF No. 33.)
[2] Defendants' motion to dismiss the SAC was denied as moot. (ECF No. 43.)

> submissions for and in opposition to the amount of reasonable attorneys' fees and costs; and
>
> 2. Plaintiff Nicklaus Lauer - $33,750.00 in damages, plus reasonable attorneys' fees and costs incurred through the date of service of the Offer of Judgment, to be determined by the Court after submissions for and in opposition to the amount of reasonable attorneys' fees and costs; and
>
> 3. Plaintiff Damian Aleman - $15,775.50 in damages, plus reasonable attorneys' fees and costs incurred through the date of service of the Offer of Judgment, to be determined by the Court after submissions for and in opposition to the amount of reasonable attorneys' fees and costs.
>
> Any judgment entered pursuant to this Offer will be in full and final satisfaction of Plaintiffs' individual claims under the causes of action in the Third Amended Complaint for damages, attorneys' fees, and costs. This offer is made pursuant to Rule 68 of the Federal Rules of Civil Procedure, and evidence of this offer is not admissible except in a proceeding to determine costs. If this offer is not accepted in writing within fourteen (14) days after it is served, it will be deemed withdrawn.

(Id.) Plaintiffs accepted this offer of judgment on July 24. (ECF No. 57.)

On July 17, one week after defendants served the offer of judgment but before plaintiffs accepted it, plaintiffs made a second motion for conditional collective action certification. (ECF No. 48.) The Court granted defendants' request to stay briefing on that motion. (ECF No. 54.) On July 28, defendants moved to dismiss the TAC for lack of jurisdiction on the ground that the accepted offer of judgment rendered plaintiffs' claims moot. (ECF No. 59.) Shortly thereafter, plaintiffs moved for leave to amend the TAC in order to join Eriks Markevics, Kernan Charlery, and

3

William Jereis as additional named plaintiffs. (ECF No. 62.) These motions are the subject of this Memorandum Decision & Order.

II.   LEGAL STANDARDS

   A.   Dismissal Under Fed. R. Civ. P. 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. Id. (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)). In resolving a motion to dismiss under Rule 12(b)(1), the Court must construe all ambiguities and draw all inferences in plaintiff's favor. See id.

Federal courts lack subject matter jurisdiction over a moot action. Fox v. Bd. of Trs. of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994). An action "is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). "The required legally cognizable interest has alternatively been described as a requirement that a plaintiff have a 'personal stake' in the litigation." Fox, 42 F.3d at 140.

   B.   Leave to Amend Under Fed. R. Civ. P. 15(a)

Although leave to amend should be freely given when justice requires, Fed. R. Civ. P. 15(a)(2), "it is within the sound discretion of the district court whether to

4

grant or deny leave to amend." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (citing John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994)). "[L]eave to amend is by no means automatic." Lyondell-Citgo Ref., L.P. v. Petroleos De Venezuela, S.A., No. 02 Civ. 0795 (CBM), 2005 WL 883485, at *4 (S.D.N.Y. Apr. 14, 2005). The "[d]istrict court[] may deny leave to amend in the face of undue delay, bad faith, dilatory motive, undue prejudice, repeated failure to cure deficiencies by amendments previously allowed, or futility of the amendment." Cartier, Inc. v. Four Star Jewelry Creations, Inc., No. 01 Civ. 11295 (CBM), 2004 WL 169746, at *1 (S.D.N.Y. Jan. 28, 2004) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

III. DISCUSSION

A. Motion to Dismiss

For the reasons below, defendants' Rule 68 offer of judgment to the three named plaintiffs rendered this action moot. Accordingly, the Court lacks subject matter jurisdiction over the case, notwithstanding the pending motion for conditional collective action certification.

Rule 68 permits a defendant to "serve on an opposing party an offer to allow judgment on specified terms." Fed. R. Civ. P. 68(a). An action becomes moot once defendant offers plaintiff full relief available under the law, even if the offer is rejected and even if it does not comply with Rule 68. Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 81 (2d Cir. 2013). Indeed, as the Second Circuit observed, "there is no justification for taking the time of the court and the defendant in the

pursuit of . . . claims which [the] defendant has more than satisfied" by consenting to judgment in the maximum amount for which it could be held liable. Id. at 80 (quoting Abrams v. Interco Inc., 719 F.2d 23, 32 (2d Cir. 1983)).

Moreover, "[w]hile the FLSA authorizes an aggrieved employee to bring an action on behalf of himself and 'other employees similarly situated,' 29 U.S.C. § 216(b), the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1529 (2013); see also Franco v. Allied Interstate LLC, No. 13 Civ. 4053, 2014 WL 1329168, at *3 (S.D.N.Y. Apr. 2, 2014) ("It is . . . clear that mootness of a named plaintiff's individual claim renders a collective action requesting statutory damages under the Fair Labor Standards Act (FLSA) moot even prior to certification." (citing Genesis, 133 S. Ct. at 1526)).

Here, there is no dispute that defendants' July 10 offer of judgment fully satisfied the named plaintiffs' claims for relief under the FLSA and the NYLL. These individual claims were satisfied prior to any resolution of plaintiffs' motion for conditional collective action certification,[3] rendering the entire action moot.[4] See Genesis, 133 S. Ct. at 1529; Franco, 2014 WL 1329168, at *3.

---

[3] In fact, plaintiffs filed the conditional collective action certification motion one week after the offer of judgment.

[4] In their opposition, plaintiffs argue only that the motion to dismiss should be denied because plaintiffs have not yet moved for attorney's fees. (See Mem. of L. in Opp. of Mot. to Dismiss 1-2, ECF No. 68.) That plaintiffs have not filed a motion for attorney's fees does not change the fact that this Court lacks subject matter jurisdiction over the collective and class claims. Once the Clerk of Court enters judgment pursuant to the accepted offer of judgment, see Fed. R. Civ. P. 68(a), plaintiffs will have fourteen days to move for attorney's fees, see Fed. R. Civ. P. 54(d)(2)(B)(i).

The collective action is moot notwithstanding the fact that several potential plaintiffs have filed opt-in notices. The opt-in notices merely tolled the statute of limitations pending the Court's decision whether to certify a collective class action. See 29 U.S.C. § 256(b). Where, as here, no collective class action has been certified, dismissal will not prejudice any opt-in plaintiffs: they remain free to file their own actions for overtime compensation against defendants. Cf. Franco, 2014 WL 1329168, at *3 (observing that "other potential plaintiffs remain 'free to vindicate their rights in their own suits' despite the mootness of plaintiff's individual claim" (quoting Genesis, 133 S. Ct. at 1531)).

B.   Motion for Leave to Amend

Justice does not require granting plaintiffs leave to amend the complaint for the fourth time. See Fed. R. Civ. P. 15(a).

"The court plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990). "[T]he burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." Id.

Plaintiffs' motion for leave to file a fourth amended complaint is untimely, and plaintiffs have not met their burden of justifying the delay. Markevics, one of the proposed new plaintiffs, filed his opt-in notice on March 24, 2014 (ECF No. 14), six weeks after this action was commenced. Plaintiffs have amended their complaint three times since then without including Markevics as a named plaintiff.

7

(ECF Nos. 16, 29, 46.) It was only after accepting a Rule 68 offer of judgment, which satisfied and mooted their claims, that plaintiffs sought leave to add Markevics, along with two other individuals, as named plaintiffs. Plaintiffs have not provided any satisfactory explanation for this delay. Granting leave to add three new parties and, accordingly, three new set of allegations at this time would be prejudicial to defendants, who have defended against four versions of the complaint, filed three motions to dismiss, and satisfied the claims of all named plaintiffs in this action.

IV. CONCLUSION

Accordingly, defendants' motion to dismiss (ECF No. 59) is GRANTED and plaintiffs' motion for leave to amend (ECF No. 62) is DENIED. Defendants' motion for extension of time to respond to plaintiff's motion for leave to amend (ECF No. 64) and plaintiff's motion for conditional collective action certification (ECF No. 48) are DENIED as moot.

The Clerk of Court is directed to terminate the motions at ECF. Nos. 48, 59, 62, and 64, and to terminate this action.

SO ORDERED.

Dated:      New York, New York
            September 15, 2014

_____
KATHERINE B. FORREST
United States District Judge